**SO ORDERED.**

**SIGNED this 19 day of July, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

| | |
|---|---|
| **WILLIAM LEWIS PRICE,** | **CHAPTER 13** |
| **SUZANN MONETTE PRICE,** | **CASE NO. 12-01769-8-RDD** |
| DEBTORS. | |

**ORDER DENYING MOTION TO SET ASIDE JUDGMENT AND AVOID LIEN**

Pending before the Court is the Motion to Set Aside Judgment and Avoid Lien (the "Motion") filed by William Lewis Price and Suzann Monette Price (the "Debtors") on May 17, 2012. The Debtors amended the Motion on May 30, 2012. The Court conducted a hearing on the Amended Motion on July 12, 2012 in New Bern, North Carolina.

The Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 7, 2012. Schedule D, attached to the Debtors' petition, lists First Citizens Bank, N.A.[1] ("FCB") as a secured creditor. FCB received a money judgment in the amount of $3,179.00 against

---

[1] While the Debtors' Petition and Motion state that Hatch, Little, & Bunn, L.L.P. is the secured creditor holding a judgment lien, the Court finds that the creditor is actually First Citizens Bank, N.A., and that Hatch, Little, & Bunn, L.L.P. is the attorney for First Citizens Bank, N.A.

the Debtors on December 9, 2011,[2] file number 2011 CVD 1984, in Craven County, North Carolina. According to the Debtors' petition, the Debtors list no property on Schedule A to which a judgment lien would attach. The Debtors assert that the judgment lien of FCB impairs the Debtors' exemptions under 11 U.S.C. § 522.

Section 522(f)(1) allows the debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b). . . ." 11 U.S.C. § 522(f)(1). "Because exemptions are determined on the petition date, a lien must ordinarily exist on the petition date to impair an exemption." *In re Pettaway*, No. 02-02619-8-JRL, at 1 (Bankr. E.D.N.C. Mar. 10, 2004). "Under North Carolina law, a judgment does not constitute a lien against personal property unless and until the sheriff has seized such property pursuant to a writ of execution issued on the judgment." *In re Cannon*, No. 08-11098C-7G, at 2 (Bankr. M.D.N.C. Aug. 26, 2008) (citing *M. & J. Fin. Corp. v. Hodges*, 55 S.E.2d 201, 204 (N.C. 1949)). *See Summers Hardware Co. v. Jones*, 23 S.E.2d 883, 884 (1943) ("no lien attaches to personalty by reason of the docketing of the judgment, although such a lien may be acquired by levy."), *M. & J. Fin. Corp.*, 55 S.E.2d at 204 ("It is the levy under execution that creates the lien in favor of the judgment creditor." (citing *Penland v. Leatherwood*, 8 S.E. 234 (1888), *Industrial Discount Corporation v. Radecky*, 170 S.E. 640 (1933))).

While the Debtors claim that FCB's judgment impairs their exemptions in personal property, there is no evidence that the sheriff has levied upon any of the Debtors' personal property. Therefore, FCB's judgment does not constitute a lien against the Debtors' personal property. As the

---

[2] While the Debtors' Motion states that the judgment was entered in 2006, in the amount of $2,707.12, the Court finds that the judgment was actually entered on December 9, 2011 in the amount of $3,179.00.

judgment is not a lien against the Debtors' personal property, the debt was unsecured as of the petition date. Because the judgment of FCB was unsecured as of the petition date, the discharge injunction will prohibit collection of the underlying debt and therefore deprive the judgment of any legal effect.

Therefore, as the judgment of First Citizens Bank, N.A. was unsecured as of the petition date, the Debtors' Motion to Set Aside Judgment and Avoid Lien is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**